IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| HOLLY WETHINGTON and MAKENZIE WETHINGTON, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. CIV-14-899-D |
| ROBERT SWAINSON, d/b/a PEGASUS AIRSPORTS CENTER, | ) ) ) ) | |
| Defendant. | ) | |

## **O R D E R**

Before the Court is Plaintiff's Amended Motion for Sanctions [Doc. No. 32], to which Defendant has responded [Doc. Nos. 33-34]. The matter is fully briefed and at issue.

### BACKGROUND

This action stems from injuries suffered by Plaintiff Makenzie Wethington while skydiving. She alleges Defendant was negligent in the manner in which he trained her for the activity, the packing of the parachute, the utilization of certain equipment, and by allowing Plaintiff to use equipment which she was not trained to use and was inappropriate for her skill level. *See* Compl. ¶ 8 [Doc. No. 1]. Defendant was served with the Complaint on September 3, 2014 [Doc. No. 5]. In October, after Plaintiff's lawsuit was filed, she served Defendant with discovery requests, which,

among other things, sought inspection of the parachute. However, Defendant shipped the parachute to England that same month. To date, despite Plaintiff's requests, Defendant has not provided the parachute for inspection.

Plaintiff contends Defendant's actions constitute spoilation and seeks sanctions in the form of either: (1) entry of default judgment, (2) an adverse inference instruction at trial, (3) an order barring Defendant from raising the defenses in his Answer, (4) an order denying Defendant the opportunity to call or cross-examine any witnesses at trial, and/or (5) any other relief deemed appropriate. Defendant contends there is no evidence of bad faith as (1) his business was in the process of winding down and all equipment was already subject to sale, and (2) the parachute was shipped prior to receipt of Plaintiff's discovery requests. Def. Resp. to Motion for Sanctions at 2 [Doc. No. 33]. Defendant also states he is willing to make the parachute available for inspection, but suggests such production be made to an "established Oklahoma parachute center with a FAA Master Parachute Rigger who can supervise the plaintiff's expert." *Id*. at 2-3.[1] Defendant intends to bring the parachute to trial. *Id*. at 3.

---

[1] A parachute rigger is a person who is trained or licensed to pack, maintain or repair parachutes. *Sartori v. United States*, 186 F.2d 679, 680 (10th Cir. 1950).

# DISCUSSION

The Court has previously stated that:

> "[T]he obligation to preserve evidence arises when the party has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation." *Cache LaPoudrew Feeds, LLC v. Land O'Lakes, Inc.*, 244 F.R.D. 614, 620 (D. Colo. 2007). A party has a duty to preserve evidence where "it knew or should have known that litigation was imminent." *103 Investors I, L.P. v. Square D Company*, 470 F.3d 985, 989 (10th Cir. 2006). The duty to preserve evidence in such circumstances imposes an obligation on the party having possession to "suspend its routine document retention/destruction policy and put in place a litigation hold to ensure the preservation of relevant documents." *F.T.C. v. Affiliate Strategies, Inc.*, 2011 WL 2084147, at *2 (D. Kan. May 24, 2011).

*Swanda Bros., Inc. v. Chasco Constructors, Ltd., L.L.P.*, No. CIV–08–199–D, 2012 WL 4382612, at *3 (W.D. Okla. Sept. 25, 2012).

"Where a party fails to comply with its obligation to preserve evidence, the Court has the discretion to impose appropriate sanctions." *Id*. at *4. "Discovery sanctions lie within the discretion of the district court." *Mencia v. Allred*, __ F.3d ___, 2015 WL 8599358, at *7 (10th Cir. 2015) (citing *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co*., 170 F.3d 985, 993 (10th Cir.1999)). "'A spoliation sanction is proper where (1) a party has a duty to preserve evidence because it knew, or should have known, that litigation was imminent, and (2) the adverse party was prejudiced by the destruction of the evidence.'" *Swanda Bros.*, 2012 WL 4382612,

at *4 (quoting *United States v. Hood*, 615 F.3d 1293, 1301 (10th Cir. 2010)).

"[P]roof of bad faith is not required to support sanctions for spoliation, including dismissal of claims or exclusion of evidence." *Id.* at *5 (W.D. Okla. Sept. 25, 2012) (citations omitted); *S.E.C. v. Gladstone*, 301 F.R.D. 593, 644 (D.N.M. 2014) ("Bad faith is not required for a district court to sanction a party for discovery abuses. Sanctions are proper upon a finding of willfulness, bad faith, or fault on the part of the noncomplying litigant." ) (citations and internal quotation marks omitted). A spoliator's degree of fault may vary depending on the moment of inquiry; for instance, a party's *pro se* status has been considered "perhaps a mitigating factor in terms of the severity of sanctions." *Toppan Photomasks, Inc. v. Park*, No. 13–cv–03323, 2014 WL 2567914, at *8 (N.D. Cal. May 29, 2014) (citation omitted).

The Court agrees that despite his *pro se* status, Defendant was aware of the parachute's relevance and Plaintiff's need for its production. The Court also finds Plaintiff's have been prejudiced in their investigation of this case by Defendant's delay in producing the parachute. Nonetheless, the Court finds an imposition of severe sanctions would be inappropriate at this time. However, the Court reserves the issue of an appropriate sanction until after production and inspection of the parachute is conducted. At a minimum, the Court will award Plaintiff's attorney fees reasonably incurred in pursuing this discovery order.

Defendant states he still has the parachute and it can readily be made available for inspection. Therefore, Defendant is directed to produce, at his own expense and within forty-five (45) days of the date of this Order, the parachute to Plaintiff's counsel; the parties shall agree on a mutually convenient time, place, and procedure for the production. Defendant suggests such production be made only under the supervision of a licensed parachute rigger; however, this request, which the Court construes as a motion for protective order,[2] will not be ordered at this time, since Defendant has not shown good cause for issuance of a protective order. The parties may, however, agree to such a protocol, and the Court encourages them to do so. If the parties' efforts to agree to procedure for production prove to be unfruitful, the Court will entertain a request for further Court intervention.

## CONCLUSION

Plaintiff's Motion for Sanctions [Doc. No. 32] is **GRANTED IN PART**, and **DENIED IN PART**, as set forth more fully herein.

---

[2] As a *pro se* defendant, the Court is required to construe Defendant's pleadings liberally. *Diversey v. Schmidly*, 738 F.3d 1196, 1199 (10th Cir. 2013). Pursuant to Fed. R. Civ. P. 26(c)(1)(B), a party may request the Court to order discovery to be conducted only under specified terms.

IT IS SO ORDERED this 23rd day of December, 2015.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE