# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| HOLLY WETHINGTON and  <br> MAKENZIE WETHINGTON, | ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | |
| v. | ) <br> ) | Case No. CIV-14-899-D |
| ROBERT SWAINSON, d/b/a <br> PEGASUS AIRSPORTS CENTER, | ) <br> ) <br> ) | |
| Defendant. | ) | |

## **O R D E R**

Plaintiff requests that the Court enter an order striking Defendant's expert witnesses, Andy Beck and Willard Stokes, because Defendant failed to provide expert reports as required by Fed. R. Civ. P. 26(a)(2)(B), and the deadline for designating expert witnesses has expired [Doc. No. 28]. Defendant has not filed a response and the matter is now deemed at issue.

Defendant's Expert Witness List [Doc. No. 26] identifies two proposed expert witnesses, Andy Beck and Willard Stokes, to which Defendant appends their resumes. No other information about these individuals is provided. A party's designation of expert witnesses who are either retained or specially employed is governed by Rule 26, regarding which it has been stated:

> Rule 26 imposes specific disclosure requirements upon any witness "who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony." Fed. R. Civ. Proc. 26(a)(2)(B). Notice of the expert witness' name is not enough. Each witness must provide a written report containing "a complete statement of all opinions to be expressed and the basis and reasons therefor," as well as information about the data considered, the witness' qualifications, the compensation earned, and any other recent cases in which he or she offered testimony. *Id*. Any party that "without substantial justification" fails to disclose this information is not permitted to use the witness as evidence at trial "unless such failure is harmless." Fed. R. Civ. Proc. 37(c)(1). The district court may impose other appropriate sanctions in addition to or in lieu of the evidentiary exclusion. *Id*.

*Prieto v. Malgor*, 361 F.3d 1313, 1317-18 (11th Cir. 2004). As to non-retained experts, Rule 26(a)(2)(C) provides such witnesses must provide disclosures, which must include the subject matter on which the witness is expected to present evidence. The disclosure must also state a summary of the facts and opinions to which the witness is expected to testify. *Ingram v. Novartis Pharmaceuticals Corp.*, 282 F.R.D. 563, 565 (W.D. Okla. 2012).

The Court finds Plaintiff's motion should be granted, as Defendant has provided neither a report nor disclosure from the aforementioned experts, has made no attempt to remedy the defect, and has not offered any explanation for such failure or why he should be excused from doing so. The Court is mindful of Defendant's pro se status; however, this does not excuse him from complying with the Federal Rules

of Civil Procedure. *See Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir.1994) ("This court has repeatedly insisted that pro se parties 'follow the same rules of procedure that govern other litigants.'") (citations omitted). It would be unfair to Plaintiff for the Court to excuse Defendant from any compliance with the rules and standards that apply to all other parties, especially considering the state of the record before the Court in considering Plaintiff's motion.

Accordingly, Plaintiff's Motion to Strike Defendant's Expert Designation [Doc. No. 28] is **GRANTED**.

IT IS SO ORDERED this 22nd day of January, 2016.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE