## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MAKENZIE WETHINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-14-899-D |
| | ) | |
| ROBERT SWAINSON, d/b/a | ) | |
| PEGASUS AIRSPORT CENTER, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>ORDER</u>

This matter is before the Court on Plaintiff's request for damages pursuant to the Court's entry of default judgment. An evidentiary hearing was held on March 24, 2017 in which Defendant did not appear. The Court has reviewed the evidence and Plaintiff's submissions and is prepared to rule. As stated more fully below, the Court awards Plaintiff damages in the amount of $760,000.00.

## BACKGROUND

Plaintiff brought this action against Defendant for injuries suffered a parachute jump. Plaintiff contended Defendant (1) provided inadequate training in preparation for the parachute jump, (2) selected a person to provide radio assistance who had no prior experience, (3) provided old equipment that malfunctioned during the jump, and (4) permitted Plaintiff to use a parachute she was ill prepared to use and which was inappropriate for her skill level. The Court granted Plaintiff's Motion

for Default Judgment against Defendant as a sanction for his repeated failure to comply with its pretrial orders and otherwise participate in these proceedings [Doc. No. 71]. In accordance with Rule 55(b)(2)(B), Federal Rules of Civil Procedure, a hearing was held to determine the amount of Plaintiff's damages. Defendant did not appear at the hearing.

## STANDARD OF DECISION

"After an entry of default, a defendant cannot defend a claim on the merits." *Olcott v. Delaware Flood Co.*, 327 F.3d 1115, 1125 n. 11 (10th Cir. 2003) (citations omitted). However, a default judgment does not establish the amount of damages; Plaintiff must establish that the amount requested is reasonable under the circumstances. *Mathiason v. Aquinas Home Health Care, Inc.*, 187 F. Supp. 3d 1269, 1274-75 (D. Kan. 2016). "Damages may be awarded only if the record adequately reflects the basis for [the] award via a hearing or a demonstration by detailed affidavits establishing the necessary facts." *Id.* (citation omitted); *Regional Dist. Council v. Mile High Rodbusters, Inc.*, 82 F. Supp. 3d 1235, 1243 (D. Colo. 2015) ("Actual proof must support any default judgment for money damages where there is an uncertainty as to the amount. … This requirement ensures that a plaintiff is not awarded more in damages than can be supported by actual evidence.") (citing *Klapprott v. United States*, 335 U.S. 601, 611-12 (1949)). "The Court accepts as undisputed any facts set forth by the moving party in affidavits and exhibits." *Id.*

## DISCUSSION

An award of damages is appropriate in this case. "Under Oklahoma law, all negligence claims require proof of a duty, a breach of that duty, and causation." *Martinez v. Angel Exploration, LLC*, 798 F.3d 968, 974 (10th Cir. 2015) (citing *Scott v. Archon Group, L.P.*, 2008 OK 45, ¶ 17, 191 P.3d 1207, 1211).[1] The general rule under Oklahoma law is that a defendant owes a duty of care to all persons who are foreseeably endangered by his conduct with respect to all risks that make the conduct unreasonably dangerous. *Trinity Baptist Church v. Brotherhood Mut. Ins. Services, LLC*, 2014 OK 106, ¶ 8, 341 P.3d 75, 84. Defendant owed a duty to ensure Plaintiff had proper equipment and received adequate instruction prior to her jump. The Court accepts as true Plaintiff's allegations via her expert's affidavit that her training time (four hours) was inadequate and the parachute assigned to her was too small and fast for a person of her young age and relative experience.

Plaintiff requests actual damages in the amount of $1,500,000 and punitive damages in the amount of $1,500,000. Mot. for Entry of Default Judgment at 8. A plaintiff bears the burden of providing evidence in support of her damages claim. *Niemi v. Lasshofer*, 770 F.3d 1331, 1355 (10th Cir. 2014). The applicable standard is a preponderance of the evidence. *Brown v. USA Truck, Inc.*, No. CIV-11-856-D,

---

[1] As a federal court sitting in diversity, the Court applies the substantive law of the forum state, Oklahoma. *Hayes Family Trust v. State Farm Fire & Cas. Co.*, 845 F.3d 997, 1005 (10th Cir. 2017).

2013 WL 4848837, at *20 (W.D. Okla. Sept. 11, 2013) ("A plaintiff bears the burden of proving [her] damages by a preponderance of the evidence.").

Recoverable damages in a tort action consist of the amount that will compensate for all harm proximately caused by the tortious conduct. *See* 23 OKLA. STAT. § 61 ("For the breach of an obligation not arising from contract, the measure of damages, except where otherwise expressly provided by this chapter, is the amount which will compensate for all detriment proximately caused thereby, whether it could have been anticipated or not."). The Court may consider the following elements in determining an appropriate award: (1) Plaintiff's physical pain and suffering, past and future; (2) her mental pain and suffering, past and future; (3) her age; (4) her physical condition immediately before and after the accident; (4) the nature and extent of her injuries; (5) whether the injuries are permanent; (6) the physical impairment; (7) the disfigurement; (8) loss of earnings/time; (9) impairment of earning capacity; and (10) the reasonable expenses of the necessary medical care, treatment, and services, past and future. *See* OKLAHOMA UNIFORM JURY INSTRUCTIONS – Civil § 4.1 (2016 Supp.); *Brown v. USA Truck, Inc.*, No. CIV-11-856-D, 2013 WL 4848837, at *19 (W.D. Okla. Sept. 11, 2013) (citing *Shebester, Inc. v. Ford*, 1961 OK 67, ¶¶ 11-14, 361 P.2d 200, 202-03).

Plaintiff testified that she was a straight A student in high school at the time of her accident. She is currently enrolled at Sam Houston State University, where

she is studying biomedical sciences and hopes to be a trauma surgeon. Plaintiff testified credibly regarding her injuries, physical condition, and pain and suffering. She stated that she has substantially recovered, but suffers certain deficits and health conditions as a result of the accident that are probably permanent. The Court concludes Plaintiff has proved by a preponderance of the evidence that she sustained substantial injuries caused by the accident and has incurred expenses for medical treatment and that these expenses were the result of the accident. The evidence establishes Plaintiff suffered the following injuries: severe brain trauma, compression fractures in her thoracic spine, rib fractures, collapsed lungs, scapula fracture, pelvic fracture, broken teeth, and bleeding from her liver and kidneys. The evidence further establishes that Plaintiff suffers from high blood pressure, experiences frequent severe headaches, will experience arthritis due to her fractures, and continues to deal with complications from the accident. During her fall, Plaintiff blacked out and woke up in the hospital, where she remained hospitalized for three weeks and thereafter completed one month of outpatient treatment.

The evidence also establishes Plaintiff was clinically diagnosed with post-traumatic stress disorder (PTSD) because of the accident; she frequently suffers nightmares and panic attacks. Although Plaintiff is physically active, her headaches and other complications substantially impair her concentration and she has trouble sleeping at night. The evidence establishes that a significant medical issue is her

recurring kidney infections. Plaintiff will continue to have problems with her kidneys and will need continued treatment, counseling, and further evaluations.

Based on the foregoing, the Court concludes Plaintiff is entitled to recover damages for her past and future physical pain and suffering. "Damages for pain and suffering are not susceptible to proof by a specific dollar amount, and accordingly, the [trier of fact] has wide discretion in rendering a particular amount." *Woolard v. JLG Industries, Inc.*, 210 F.3d 1158, 1174 (10th Cir. 2000) (citing *Blanke v. Alexander*, 152 F.3d 1224, 1237 (10th Cir. 1998)). A reasonable amount to compensate her in this regard is $400,000. To this end, the Court also concludes Plaintiff is entitled to recover damages for her mental pain and suffering, both past and future, and that a reasonable amount to compensate her in this regard is $350,000. Plaintiff's doctor estimated her future medical expenses for treatment of her kidneys would be in the range of $5,000-$10,000. The Court concludes a reasonable amount to compensate her for future medical expenses is thus $10,000.[2] Based on the extent of Plaintiff's injuries, the necessary medical procedures, the probable need for future medical attention and the pain she has experienced, the Court finds the damages awarded herein are supported by the weight of the evidence. *Compare Blanke*, 152 F.3d at 1237.

---

[2] Plaintiff did not present substantial evidence regarding her medical bills, other future estimated medical expenses, or her loss of past and future earnings. Accordingly, the Court does not render an award for those categories of damages.

Plaintiff also requests an award of punitive damages. Title 23 OKLA. STAT. § 9.1 is the current statutory vehicle that governs claims for punitive damages. It allows an award of punitive damages based upon several enumerated factors such as: the seriousness, profitability, duration, concealment, and awareness of the misconduct; and the attitude and financial condition of the defendant. 23 OKLA. STAT. § 9.1(A). Categories of the defendant's conduct are created which limit punitive damages to $100,000 where the defendant has acted in reckless disregard of the rights of others and to $500,000 where the conduct is intentional and with malice. *Id.* §§ 9.1(B), (C). "[P]unitive damages may be awarded if the [trier of fact] finds by clear and convincing evidence the defendant acted in reckless disregard or acted intentionally and with malice." *Gowens v. Barstow*, 2015 OK 85, ¶ 20, 364 P.3d 644, 652 (citing OUJI – Civil § 5.6).

The Court finds there is insufficient evidence from which to award punitive damages. Although Plaintiff references a document purporting to show Defendant's attempt at a "cover up" of the incident, the Court finds this evidence is not "clear and convincing" proof of concealment so as to warrant an imposition of punitive damages. The undisputed facts of this case reflect Defendant is liable for ordinary negligence. Accordingly, the Court declines to assess punitive damages in light of the present record.

**CONCLUSION**

Pursuant to its Order granting Plaintiff's Motion for Default Judgment, the Court finds that, by a preponderance of the evidence, Plaintiff is entitled to **$760,000.00** in damages for her action against Defendant. A separate Default Judgment shall be issued separately.

**IT IS SO ORDERED** this 12th day of April 2017.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE